IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, and LOCAL NO. 782 INTERNATIONAL ASSOCIATION OF BRIDGE, INSTRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS,<br><br>                       Plaintiffs,<br><br>v.<br><br>GROVER MAYS, JR., individually and d/b/a Grover Mays Construction Company, ANDREW SADLER, individually and d/b/a Grover Mays Construction Company, MIKA SADLER, individually and d/b/a Grover Mays Construction Company, and VICKIE MAYS, individually and d/b/a Grover Mays Construction Company,<br><br>                       Defendants. | Case No. 23-CV-03402-MAB-SPM |

## ORDER

This civil case arises under the Employee Retirement Income Security Act. Before the Court is Plaintiff's Motion for Default Judgment against Defendants Adam Mays, Andrew Sadler, Mika Sadler, and Vickie Mays, all individually and doing business as Grover Mays Construction Company. (Doc. 13). For the reasons below, the Court **GRANTS in part** Plaintiff's Motion.

There are two stages to default. First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55. Then, the Court may enter a default judgment for the amount due. *Id.*

Here, the Clerk of Court entered Defendants' default in November 2023 (Doc. 12). Plaintiff also showed that Defendants failed to make monthly contributions as required by the labor agreement. It is therefore appropriate for the Court to enter a default judgment.

Accordingly, Plaintiffs Iron Workers St. Louis District Council Pension Trust, Iron Workers St. Louis District Council Annuity Trust, and Iron Workers St. Louis District Council Welfare Plan has a judgment against Defendants Adam Mays, Andrew Sadler, Mika Sadler, and Vickie Mays, all individually and doing business as Grover Mays Construction Company, in the total amount of $146,840.51. That sum comprises $15,443.49 in liquidated damages and $1,771.00 in attorneys' fees and costs.

Plaintiff Local No. 782 International Association of Bridge, Instructural, Ornamental and Reinforcing Iron Workers has a judgment against Defendants in the total amount of $38,589.43. That sum comprises 5,187.00 in contributions and payroll deductions for March 2020; $2,893.70 in contributions and payroll deductions for June 2021; $2,038.08 in contributions and payroll deductions for September 2021; $2,163.53 in contributions and payroll deductions for November 2021; $723.12 in

contributions and payroll deductions for November 2022; $1,210.44 in contributions and payroll deductions for December 2022; $2,342.28 in contributions and payroll deductions for January 2023; $3,297.27 in contributions and payroll deductions for February 2023; $2,758.86 in contributions and payroll deductions for March 2023; $3,819.96 in contributions and payroll deductions for April 2023; $3,200.99 in contributions and payroll deductions for May 2023; $4,527.36 in contributions and payroll deductions for June 2023; and $4,426.84 in contributions and payroll deductions for August 2023.

Defendants shall produce all records necessary for the Trust Funds' auditors to complete a payroll compliance audit of Grover Mays Construction Company for the period of January 1, 2022, through present.

Defendants shall submit Grover Mays Construction Company's contribution reports for the months of July 2023, September 2023, October 2023, and November 2023 and pay the corresponding contributions and payroll deductions revealed to be due and owing.

Plaintiffs are **GRANTED** leave from the Court to petition this Court for entry of Final Judgment in Sum Certain to include all contributions, payroll deductions, liquidated damages, interest, and audit fees revealed to be due and owing by the audit for the period of January 1, 2022, through present and Grover Mays Construction Company's missing contribution reports, along with their attorneys' fees and costs expended in preparing and bringing this lawsuit pursuant to the CBA, Trust Agreements, Audit and Collection Policy and Procedures, and 29 U.S.C.

§1132(g)(2)(D).

Once a sum certain is submitted for all contributions, payroll deductions, liquidated damages, interest, and audit fees owed, the Court will enter default judgment comprising all of those sums owed.

**IT IS SO ORDERED.**

**DATED:  February 29, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
