## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IRON WORKERS ST. LOUIS
SISTRICT COUNCIL PENSION
TRUST, et al.,

    **Plaintiffs,**

v.

GROVER MAYS, JR., et al.,

    **Defendants.**

Case No. 23-CV-03402-MAB-SPM

## DEFAULT JUDGMENT

This civil case arises under the Employee Retirement Income Security Act ("ERISA"). This case was originally assigned to Magistrate Judge Mark A. Beatty on October 17, 2023, in accordance with Administrative Order 347, and it was later referred to this Court. (*See* Docs. 3, 15). The Plaintiffs moved for Entry of Default against all Defendants[1] on November 17, 2023, and the Clerk entered Default that same day. (Docs. 11–12). On February 29, 2024, Plaintiffs moved for entry of Default Judgment against all Defendants, which this Court granted in part, entering judgment for the sum certain and ordering an audit so that the Parties could ascertain the remaining amount due. (Docs. 13, 17). Now before this Court is Plaintiffs' Motion for Entry of Final Judgment in Sum Certain. (Doc. 77). For the reasons set forth below, Plaintiffs' Motion is **GRANTED** and Final Default Judgment is hereby **ENTERED**.

---

[1] Grover Mays, Jr., Adam Mays, Andrew Sadler, Mika Sadler, and Vickie Mays, all individually and doing business as Grover Mays Construction Company.

There are two stages to default. First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55. Then, the Court may enter a default judgment for the amount due. *Id*. As noted *supra*, the Clerk of Court entered Defendants' Default on November 17, 2023. (Doc. 12).

Plaintiffs have provided evidence showing that Defendants failed to make monthly contributions as required by the labor agreement and have provided damages of a sum certain. (*See* Docs. 13, 77). It is therefore appropriate for the Court to enter a default judgment.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs Iron Workers St. Louis District Council Pension Trust, Iron Workers St. Louis District Council Annuity Trust, and Iron Workers St. Louis District Council Welfare Plan have a judgment against all Defendants, jointly and severally, in the amount of $666,030.80, representing $102,467.01 in liquidated damages and $7,856.74 in interest pursuant to this Court's February 29, 2024 Order,[2] as well as $316,874.38 in contributions, $36,428.17 in liquidated damages, and $150,684.94 interest pursuant to the audit and $51,719.56 in attorneys' fees and costs. (Docs. 13, 17; Doc. 77, pp. 6–7, Ex. A., p. 3, Ex. B, p. 3, Ex. D, p. 1).

---

[2] In the February 29, 2024, Order, this Court entered judgment in favor of the Trust Fund Plaintiffs in the amount of $146,840.51 based on the Trust Fund Plaintiffs' evidence showing that they were owed $36,519.75 in unpaid contributions, $102,467.01 in unpaid liquidated damages, and $7,856.74 in unpaid interest, and requesting only $146,840.51 instead of $146,843.50. (Docs. 13, 17). Defendants have since paid Trust Fund Plaintiffs $36,519.75. (Doc. 77, Ex. A, p. 3).

**IT IS FURTHER ORDERED** that Plaintiff Local No. 782 International Association of Bridge, Instructural, Ornamental and Reinforcing Iron Workers has a judgment against all Defendants, jointly and severally, in the amount of $84,223.76, representing $38,589.43 in unpaid contributions and payroll deductions pursuant to this Court's February 29, 2024, Order, (Doc. 17), and $45,634.33 in unpaid contributions and payroll deductions pursuant to the variance hours revealed by the audit, (Docs. 17, pp. 2, 77, Ex. A, p. 3).

**IT IS SO ORDERED.**

**DATED:  July 20, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**